## JOSEPH TAPLEY *vs.* JOSEPH BUTTERFIELD.

One partner has authority, without the consent or knowledge of his copartner, to mortgage the whole stock in trade of the firm, to secure a particular creditor of the firm.

The rule, that one partner cannot bind his copartner by deed, does not apply where one partner conveys, by deed, property of the firm which he might have conveyed without deed. Hence a sealed mortgage of the goods of the firm, executed by one partner in the name of the firm, binds both partners.

Where mortgaged goods were attached, and immediately sold on the writ, by consent of parties, it was held, that the mortgagee, even if he had notice of the sale, was not bound by Rev. Sts. *c.* 90, § 79, to make demand of payment and present his account of the sum due on his mortgage, before the sale ; and that a demand, &c. thirteen days after the sale, was within a reasonable time.

TRESPASS *de bonis asportatis.* The plaintiff claimed title to the goods under a mortgage made to him as hereinafter stated. The defendant admitted the taking of the goods, and justified under a writ by virtue of which he, as deputy sheriff, attached the same in a suit by P. & B. S. Hale against the firm of A. & W. A. Blaisdell.

At the trial before *Putnam,* J. it was proved, that said firm was indebted to the plaintiff in the sum of $650, and that A. Blaisdell, one of the partners, in the absence of the other partner, and without his knowledge, executed to the plaintiff a mortgage of the goods in question, being the whole stock in trade of the firm. The separate names of each partner were several times recited in the mortgage, as conveying the goods to the plaintiff, and the instrument concluded with these words : " In witness whereof, I the said Alvah & William A. Blaisdell have here-

unto set our hands and seals this 24th day of May, 1839." One seal only was affixed.

W. A. Blaisdell testified that if he had been present when the mortgage was given, he should not have executed it.

The goods were sold by the defendant, on the writ, by con-sent of parties, on the next day after they were attached. But the plaintiff did not demand payment of the money due to him, and state in writing an account of the debt for which said goods were liable to him, until thirteen days after the sale.

The defendant's counsel objected to the plaintiff's right to recover, on the ground that said mortgage was not valid, and that the plaintiff did not seasonably demand payment and state an account, conformably to the Rev. Sts. *c.* 90, § 79. The judge overruled these objections, and a verdict was returned for the plaintiff, subject to the opinion of the full court.

*Wentworth,* for the defendant. The mortgage was never executed according to the contemplation of the parties, and does not purport to be the deed of both partners. It was evidently intended that it should be executed by A. W. Blaisdell. But if it be in form the deed of the firm, yet it cannot avail to pass the interest of A. W. Blaisdell, because one partner, as such, has no authority to bind another by deed. *Cady* v. *Shepherd,* 11 Pick. 400. *Harrison* v. *Jackson,* 7 T. R. 207. *McBride* v. *Hagan,* 1 Wend. 326. *Person* v. *Carter,* 3 Murph. 321. *U. States* v. *Astley,* 3 Wash. C. C. 508.

It is not admitted that one partner has authority to assign all the property of the firm to secure a single creditor, though he may perhaps, in the permanent absence of his copartner, make such assignment for the benefit of all the creditors. 4 Wash C. C. 234. *Harrison* v. *Sterry,* 5 Cranch, 289.

The plaintiff did not render his account and make his demand within a reasonable time. When he made the demand, it was impossible for the defendant to return the goods.

*L. Williams,* for the plaintiff. The deed was executed in the proper form for a deed of the firm ; and no further execution by A. W. Blaisdell was contemplated.

The rule, that one partner cannot bind another by deed,

applies only to those acts which are required to be by deed. Any conveyance, which one partner has power to make so as to bind the firm, is equally binding on the firm, though a seal be unnecessarily affixed to the conveyance. *Anderson* v. *Tompkins*, 1 Brock. 456. *Robinson* v. *Crowder*, 4 McCord, 519. One partner has authority to assign the partnership effects in order to give a preference to particular creditors. *Egberts* v. *Wood*, 3 Paige, 523, 524. 1 Brock. *ubi sup.*

The plaintiff stated his account and made his demand within a reasonable time, and that is all which the Rev. Sts. *c.* 90, require.

SHAW, C. J. If it were necessary, in order to maintain the validity of the mortgage under which the plaintiff claims, to hold that one partner has a general power to bind his copartner by deed, it would certainly be difficult to maintain that proposition. The general rule is, that he cannot. *Cady* v. *Shepherd*, 11 Pick. 400. And in a case where the question is, whether one partner can by his general authority, growing out of the relation of partners, execute a deed in the name of both, in such form as to pass real estate belonging to them as partners, or to render them liable to an action of covenant, I should be strongly inclined, upon the authorities, to think that he could not. But that rule does not decide the present case.

We are not aware that a mortgage of personal property requires a deed. If an act be done, which one partner may do without deed, it is not the less effectual, that it is done by deed. It is clearly within the scope of partnership authority, (I speak of a partnership between merchants, the object of which is the buying and selling of goods,) for one partner to sell such goods as have been purchased for sale. Supposing then a customer, purchasing for some special purpose of his own, should, instead of a sale by parol, or a common bill of parcels, or a bought and sold note, cnoose to have a formal bill of sale under seal, in the name of the firm, and such bill should be executed by one of the partners ; though the firm might not be liable to an action on the special covenants, yet the property would pass. And although the bill of sale should purport to be the act of both, it

would not be the less the act of him who made it ; and as his act would be sufficient to pass the property, it would not be less available because the name of his partner was added in such a form as to be inoperative.

Then treating this as the efficient act of one partner, in giving a mortgage upon the partnership property for the security of a partnership debt, is it sufficient to bind the property ?

It is within the general scope of partnership authority for one partner to sell and dispose of all the partnership goods, in the orderly and regular course of business. It is also within the scope of partnership authority to pay the debts of the firm, and to apply the assets of the firm for that purpose. He being authorized to sell the goods to raise money to pay their debts ; he may apply the goods directly to the payment of the debts ; and, according to the exigencies of the occasion, he may pledge the partnership goods to raise money to pay the debts of the firm. To this extent we think each partner has a disposing power over the partnership stock, arising necessarily from the nature of that relation. If it were in the form of a consignment to a commission merchant or an auctioneer, and an advance of money obtained for the use of the firm, we think there could be no question but that it would be within the scope of partnership authority. And now that the law has given encouragement to mortgages of personal property — which is only another mode of pledging goods — and has substituted an instrument in writing capable of being recorded in the town clerk's book, and has given to such record an effect equivalent to the actual delivery of the goods, (*Bullock* v. *Williams*, 16 Pick. 33,) we cannot perceive why it may not be resorted to by partners, as well as individual persons. To what extent one partner can bind another in the disposition of the entire property of the concern, is a question of power, arising out of the relation of partnership, and does not, we think, depend upon the form or manner in which it is exercised. Lands held by partners are considered as lands held by tenants in common ; and as one tenant in common cannot pass any estate of his cotenant, and as land cannot

pass without deed, it follows that one partner cannot convey away the real estate of the firm, without special authority.

But considering that the authority of selling and pledging the personal property is within the scope of partnership power, and may be done by either partner ; and considering, that it may be done without deed ; the court are of opinion that such a mortgage, made by one partner in the absence of the other, although unnecessarily made by deed, was binding upon the property, and constituted a valid lien upon the property, which the plaintiff may avail himself of. *Anderson* v. *Tompkins,* 1 Brock. 456. *Deckard* v. *Case,* 5 Watts, 22.

As to the other point, that the notice was not given, and the demand made by the plaintiff upon the officer, seasonably ; the case finds that the sale was made the next day after the attachment. It has been held that the demand must be made within reasonable time. *Johnson* v. *Sumner,* (*ante,* 172.) It has also been held that it is not necessary that notice should be given and demand made before a sale, even though the mortgagee has notice of the sale. By the statute, the mortgagee is obliged to state an exact and true account of the particulars and amount of his demand, and this at some peril. This he may not be able to do *instanter,* and some time must be allowed ; and as none is fixed by the statute, it must be reasonable time. As the sale was made on the day succeeding the attachment, the court are of opinion that the plaintiff was not precluded from his right to recover on the mortgage because he did not give notice and make his demand before the sale of the goods.

*Judgment on the verdict.*